IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:21-cv-00048-RBJ

TERRANCE ADRIAN LACEY,

    Plaintiff,

v.

WELLPATH MEDICAL and
BILL ELDER,

    Defendants.

---

## ORDER on PENDING MOTIONS

---

Defendants move to dismiss for failure to state a claim. Plaintiff moves to amend his complaint. Plaintiff's motion to amend is granted, thus mooting the motions to dismiss. In addition, plaintiff's motion for leave to appeal *in forma pauperis* is denied as premature, and his "emergency" motion for certain discovery from a state court clerk is denied.

### BACKGROUND OF THIS CASE

Terence Adrian Lacey was a detainee in the El Pasto County Jail from September 23, 2020 to March 25, 2021. He filed this lawsuit pro se on January 7, 2021. He claims that while he was in the jail he was not provided adequate medical care in violation of his rights under the Eighth and Fourteenth Amendments. He named as defendants "Wellpath Medical," a private company contracted to provide medical care for the jail's inmates, and Bill Elder, the Sheriff of El Paso County.

1

Mr. Lacey's most recent amended complaint, and therefore the operative complaint, was filed on February 24, 2021. ECF No. 18. He alleges that he suffers from Chronic Obstructive Pulmonary Disease (COPD), lung cancer, asthma, and a history of a pulmonary embolism. *Id.* at 6. He states that he experienced constant pain during his period of detention in the El Paso County jail, and he fainted from low oxygen levels on October 25, 2020. *Id.* at 4. He wanted to be seen by a pulmonologist, and he alleges that on December 5, 2020, someone at Memorial Hospital in Colorado Springs, Colorado, referred him to a pulmonologist. *Id.* Further, a doctor Santini, who is associated with Wellpath, informed him in mid-January 2021 that he would schedule an appointment for Mr. Lacey with a pulmonologist. However, as of February 17, 2021 (the date he signed the amended complaint) he still had not seen a pulmonologist. *Id.*

In addition, he alleges that hygienic conditions at the jail were poor. Also, he began experiencing COVID-19 symptoms in mid-October 2020;but he was not provided a mask for use in the jail until October 31, 2020. He and others in the jail were first tested for COVID-19 on November 1, 2020. He tested positive on November 10, 2020, and his pulmonary symptoms worsened after that. He was still experiencing severe chest pain, body aches, headaches, coughing fits, and wheezing when breathing or speaking as of February 17, 2021, and he was concerned that if he suffered another pulmonary embolism, he might not survive. *Id.* at 6-9. He also alleges that a nurse told him that the jail's plan was to "let COVID-19 run its course like anything else," *id.* at 8, but he does not indicate what treatment he actually received after contracting the disease.

On April 15, 2021 Mr. Lacey filed a notice of change of address indicating that on March 26, 2021 he was extradited to a detention facility in Marion, Kentucky. ECF No. 35. He also

reported in the same notice that he would be released from that facility around May 7, 2021. *Id.* at 2.

Wellpath filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted. ECF No. 36. The motion did not address the COVID-19 allegations, indicating instead that Wellpath is not responsible for the jail's conditions. *Id.* at 2. As for the allegations regarding failure to provide adequate medical care, Wellpath argued that the amended complaint did not allege facts that identified the acts of Wellpath of which he complains, or the individuals participating in those acts; nor did it allege that the acts were done pursuant to an official policy, practice or custom. *Id.* at 4-6.

Sheriff Elder also filed a motion to dismiss. ECF No. 40. He pointed out that Mr. Lacey had filed an identical claim against the El Paso County Sheriff's Department in the El Paso County District Court; that the defendant had already filed a motion to dismiss that case; and that this Court should decline to exercise jurisdiction over this case pursuant to the Colorado River Doctrine. *Id.* at 4-5. Alternatively, the motion argued that the amended complaint did not adequately assert a constitutional claim based upon deliberate indifference to his serious medical needs; that it did not allege that Sheriff Elder personally participated in his medical care; that Sheriff Elder is entitled to qualified immunity; that the amended complaint did not allege municipal liability based on an official policy, practice or custom; and that to the extent the amended complaint could be read as asserting a common law negligence claim, it is barred by the Colorado Governmental Immunity Act. *Id.* at 6-14.

Mr. Lacey filed a response to the motions to dismiss. ECF No. 44. The defendants replied (accurately) that the response did not address their arguments. *See* ECF Nos. 45 and 47.

Mr. Lacey also filed a motion to amend his complaint. ECF No. 43. The Sheriff filed an opposition to the motion to amend, noting, among other things, that the motion did not explain how or why the complaint was being amended. ECF Nos. 46.

On June 23, 2021 Mr. Lacey filed another response to the motion to dismiss. ECF No. 48. He explained that he had filed this case because the judge in the state case had not set the case for trial, had ignored Mr. Lacey's request for certain discovery, had allowed the defense attorneys to file motions for dismissal, and had generally allowed the case to stagnate. *Id.* at 1-2. He appears also to reference another state case that had been dismissed. *Id.* at 3. Regarding the pending motions to dismiss, Mr. Lacey states in this second response that there is not a single individual who is solely responsible for the lack of treatment of his condition, and that it is not feasible to prove a state of mind of culpability of a selected person. *Id.* at 4. The problem lies with El Paso County's failure to provide proper diagnosis and treatment. He states that, in contrast, the Kentucky jail to which he was extradited treated him within six days of his arrival there. *Id.* at 4. He notes that the defendants in this case filed their motions to dismiss after he was extradited, possibly hoping to delay his response. *Id.* at 5. He asserts that his allegations establish his right to be granted relief. *Id.* at 6.

Defendants' motions to dismiss and plaintiff's motion to amend were still pending when on January 20, 2022 Mr. Lacey filed another notice of change of address, providing a post office box address in Scottsbluff, Nebraska. ECF No. 50. On February 2, 2022, Mr. Lacey filed a "Statement of Fact," explaining that it is his attempt to obtain legal representation in this case. ECF No. 51. He provides, for the first time, some detail about the treatment he received from Wellpath for his pulmonary issues while he was in the El Paso County jail. *Id.* at 2. Notably, he

4

states that he was taken to a pulmonologist at Memorial Hospital in February 2021, though he provides no information about the diagnosis or treatment recommended by that doctor. He adds that he had surgery to remove debris from his trachea six day after arriving at the Kentucky jail, which significantly improved his breathing and chest pain. *Id.* at 2.

On February 11, 2022 Mr. Lacey filed copies of two incident reports from the El Paso County Sheriff's Office and two pages of his Kentucky medical records. ECF Nos. 52 and 53. On February 17, 2022 Mr. Lacey filed a copy of a subpoena of the "entire case file" of his stay in the El Paso County jail, as well as another change of address notice. ECF Nos. 54 and 55. On March 7, 2022 Mr. Lacey filed a document entitled "Corruption in El Paso County." ECF No. 56. On the same day he filed an "Emergency Motion for Discovery," in which he asks this Court to order the state court to release its file in his state case, and to order the Sheriff to release all kites, mail room logs, and his full medical record from his stay in the jail. ECF No. 57. On March 11, 2022 Mr. Lacey filed a return of service showing that he had mailed his subpoena for the state court file to the state court clerk by certified mail. ECF No. 58. That brings the filings in the present case up to date.

## BACKGROUND – OTHER LAWSUITS

Mr. Lacey was one of six inmates listed as named parties in a class action lawsuit brought on behalf of all El Paso County jail inmates by the ACLU on December 13, 2020. *Weikert v. Elder,* No. 1:20-cv-03646-RBJ. A stipulated preliminary injunction was issued on January 4, 2021 – 30 days after the suit was filed and three days before Mr. Lacey filed the present case. The stipulation addressed a list of 15 measures that either had been or would be implemented at the jail to protect, test, screen and treat inmates with respect to COVID-19. ECF No. 25 in that

case. Mr. Lacey voluntarily dismissed his claims on May 14, 2021 due to his no longer being in the jail. ECF No. 41. The case was dismissed with prejudice by stipulation on October 5, 2021. ECF No. 46. It is fair to say that this lawsuit achieved substantial benefits for inmates of the jail.

On the other hand, the records of this district indicate that Mr. Lacey has filed 13 individual cases arising from the period of time he was detained in the El Paso County jail, beginning with the present case, and continuing through two cases filed on March 7, 2022. The two most recent cases are still open, having been filed only a week ago: *Lacey v. Cornelius* (the El Paso County Clerk)*,* No. 1:22-cv-00557-GPG (seeking copies of records under the Freedom of Information Act) and *Lacey v. Elder,* No. 1:22-cv-00568-GPG (asserting interference with his mail and destruction of his case file in violation of the First Amendment). All of the other cases were dismissed relatively shortly after they were filed. Among the defendants in those cases have been the City of Colorado Springs; Walgreens Stores; the District Attorney of the Fourth Judicial District; the Colorado State Public Defender; Sheriff Elder (concerning visitation rights); the Pikes Peak Region Humane Society; Sheriff Elder and Wellpath (a duplicate of the amended complaint in the present case); Sheriff Elder (concerning religious rights); Sheriff Elder and a Deputy Sheriff (concerning freedom of speech and Mr. Lacey's mail); Dr. Santini of Wellpath; a state court judge and two lawyers; and a Colorado Springs police officer.[1]

---

[1] The case that was a duplicate of the amended complaint in the present case was *Lacey v. Elder,* No. 1:21-cv-538-LTB. In dismissing the case Judge Babcock ordered the Clerk to file its complaint and motion for leave to appeal *in forma pauperis* into the present case. That added nothing of substance to the present case because the allegations were the same, and there is nothing yet to appeal.

**PENDING MOTIONS**

Five motions are pending. In addressing these motions I bear in mind that Mr. Lacey's pleadings must be construed liberally because of his pro se status. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot be an advocate for him. *See Hall,* 935 F.2d at 1110.

<u>Motions to Dismiss, ECF Nos. 36 and 40</u>

The Court finds that these motions are moot in light of it decision to grant Mr. Lacey leave to amend, as discussed below.

<u>Motion for Leave to Appeal, ECF No. 42</u>

In this motion Mr. Lacey moves for leave to appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24. However, it is premature. There is no final judgment or other appealable order. He has been permitted to file the present case *in forma pauperis. See* ECF No. 13.

<u>Motion to Amend, ECF No. 43</u>

I will grant this motion and allow Mr. Lacey one more opportunity to put together an amended complaint that states a claim on which relief could be granted. I am doing so for several reasons. First, courts permit amendment of pleadings liberally under Rule 15(a)(2). Second, I am liberally construing his motion to amend in deference to his pro se status. Third, perhaps allowing him one more opportunity to amend will discourage him from continuing to file new cases that lack merit and are quicky dismissed.

If he does decide to amend his complaint again, he must file a new amended complaint that stands on its own without incorporating any previous pleadings. And granting the motion is

7

not an invitation to assert entirely new claims that have arisen since the amended complaint was filed or that repeat allegations from his dismissed cases. Rather, it is an opportunity to attempt to plead his claims of deliberate indifference to his serious medical needs in a manner that addresses the shortcomings identified in defendants' motions to dismiss if he can do so.

"Emergency" Motion for Discovery

This motion seeks an order from this Court requiring the state court clerk to produce its file on his state case(s). That is a matter that should be directed to the state court clerk and state court judge. It also asks the Court to order the Sheriff to provide certain kiting and mail room logging information, and to order Wellpath to produce his medical file from his time in the El Paso County jail. However, there is no indication that Mr. Lacey has pursued discovery of these records by filing a request for production per Rule 34 of the Federal Rules of Civil Procedure, or that defendants have objected to such discovery requests.

**ORDER**

1. Defendant Wellpath Medical's motion to dismiss, ECF No. 36, is MOOT.

2. Defendant Elder's motion to dismiss, ECF No. 40, is MOOT.

3. Plaintiff's motion for leave to appeal pursuant to 28 U.S.C. § 1915, ECF No. 42, is DENIED.

4. Plaintiff's motion to amend, ECF No. 43, is GRANTED. He will be permitted to file an amended complaint on or before April 15, 2022. If an amended complaint is not filed by that date, this case will be dismissed without prejudice for failure to prosecute.

5. Plaintiff's emergency motion for discovery, ECF No. 57, is DENIED.

DATED this 14th day of March, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge

9